## WALT COOK v. STATE.

No. A-1570. Opinion Filed June 3, 1913.

(132 Pac. 507).

1. APPEAL—Insufficiency of Evidence. Unless the evidence is so slight that the court below would be justified in directing a verdict for the defendant, the judgment will not be reversed for insufficiency of the evidence.

2. EVIDENCE—Circumstantial Evidence—Question for Jury. Circumstantial evidence being competent, its weight is for the jury alone.

(Syllabus by the Court.)

*Appeal from Garfield County Court;*
*Winfield Scott, Judge.*

Walt Cook was convicted of violating the liquor law, and appeals. Affirmed.

*W. O. Cromwell,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. (*Jos. L. Hull,* of counsel,) for the State.

DOYLE, J. Plaintiff in error, under an information charging the unlawful sale of intoxicating liquor, was convicted and sentenced to be confined for six months in the county jail and to pay a fine of $300, and in default of the payment of said fine he should be imprisoned for an additional period until the same was satisfied according to law. The judgment and sentence was entered October 7, 1911. An appeal was taken from the judgment by filing in this court January 5, 1912, a petition in error with case-made.

The first specification of error is to the effect that the verdict of the jury is contrary to the evidence, and that the court erred in overruling plaintiff in error's request that the jury be directed to return a verdict of not guilty.

Unless the evidence is so slight that the court below would be justified in directing a verdict for the defendant, the judgment will not be reversed for insufficiency of the evidence.

Only three witnesses testified in the case.

Howard L. Reynolds, the first witness called, testified in substance as follows: That he and John F. Burford on the 29th day of June, 1911, went into the Crazy Pool Hall at 215 South Grand avenue, Enid. That the plaintiff in error was there playing pool. In one corner of the room was a door that led to the cellar, and in front of this door a man was standing. Witness and his companion went to this door, and the man standing there looked towards the plaintiff in error, Cook, and Cook nodded to him. The man then opened the door and let them down into the basement, where they found a bar. That they bought two bottles of beer from the man behind the bar and paid him for it and drank it. After which they left. He

further said he was a detective and purchased the beer for the purpose of procuring evidence.

The second witness, John F. Burford, testified to the same facts.

W. J. Roberts testified that the Crazy Pool Hall was Cook's place of business, and on the window of the pool room was the name, "W. M. Cook."

There was also introduced in evidence Exhibit A, being a certified copy of the record of the collector of internal revenue, showing payment of the special tax required of liquor dealers by the United States for the fiscal year by W. M. Cook, place of business 215 South Grand avenue, Enid.

While the evidence connecting the plaintiff in error with the sale was wholly circumstantial, yet, as to time, place, means, and conduct, it concurs in indicating his guilt. We think that it was sufficient to sustain the verdict. It is true the facts and circumstances might have been explained; but, being unexplained and uncontradicted, the jury were entitled to draw the logical inference that the plaintiff in error was the proprietor, and that the sale was made at his direction. It is a matter of common knowledge that, in the unlawful sale of intoxicating liquor, the real proprietor of the place and the owner of the liquor seldom makes the actual sale. In this case the evidence was sufficient for the jury, and, they having drawn the logical deductions from the facts and circumstances as proved by the state, their verdict and the conviction thereon will not be disturbed.

Second. It is also claimed that the court erred in admitting in evidence the certified copy of the records of the collector of internal revenue for the district of Oklahoma, which purported to show that the plaintiff in error had paid the special tax required of liquor dealers by the United States, on the ground that it was incompetent, irrelevant, and immaterial, for the reason the charge in this case is a direct sale of

liquor and not having possession of liquor with intent to sell the same in violation of the prohibitory law.

We think the objections were properly overruled, as the evidence was clearly competent as tending to show that the plaintiff in error was the proprietor of the place in question. As to the other alleged errors, it is enough to say that we think no error was committed that requires a reversal of the judgment.

The judgment is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.